1

2

3

4

5

6                        UNITED STATES DISTRICT COURT

7                             DISTRICT OF NEVADA

8                                      * * *
                                       )
9   WILLIAM FILION, OVERSEER, HOUSE    )
    OF SHALOM MINISTRY/CHURCH,         )
10                                     )          3:10-CV-00308-LRH-RAM
              Plaintiffs,              )
11                                     )
     v.                                )
12                                     )          ORDER
    CMS - CARRINGTON MORTGAGE          )
13  SERVICES, LLC, LITTON LOAN         )
    SERVICES, LP, and QUALITY LOAN     )
14  SERVICES CORPORATION,              )
                                       )
15            Defendants.              )
                                       )
16  _____  )

17          Before the court is Defendant Litton Loan Servicing, LP's ("Litton") Motion to Dismiss

18  (#10[1]) to which Quality Loan Service Corporation ("QLS") and Carrington Mortgage Services,

19  LLC ("CMS") have joined (##11, 21).  Plaintiff William Filion ("Plaintiff") filed an opposition

20  (#15) to which Litton replied (#17).

21  **I.      Facts and Procedural History**

22          This action arose out of the foreclosure sale of Plaintiff's home in Palmdale, CA.  Plaintiff

23  alleges he worked as the overseer of the House of Shalom Ministry/Church, a religious non-profit

24  organization that operated in his house.  (Compl. (#1) 2.)  Plaintiff further alleges the Los Angeles

25  _____

26          [1]Refers to the court's docket entry number.

1   County Tax Collector imposed property taxes on his house, which he did not pay.  (Compl. (#1) 2.)

2       Defendants Litton and CMS purchased the property tax lien from the Los Angeles County

3   Tax Collector's Office and billed Plaintiff for the balance due.  (Compl. (#1) 7, 9.)  When Plaintiff

4   refused to pay, defendants initiated non-judicial foreclosure proceedings on the property.  (Compl.

5   (#1) 8-9.)  Plaintiff's house was subsequently sold at a trustee's sale.  (Compl. (#1) 8.)

6       On October 3, 2008, after the trustee's sale, Plaintiff filed suit in federal court against

7   numerous defendants, including Litton and CMS.  *See Filion v. Boi-Code Enforcement Los*

8   *Angeles County*, No.08-541-LRH-RAM.  Plaintiff alleged that defendants violated his First and

9   Ninth Amendment rights by assessing property taxes on his house, which operated a religious non-

10  profit organization, and wrongfully foreclosing on his property.  The court dismissed the suit

11  finding that Plaintiff failed to state a claim for relief under Federal Rule of Civil Procedure

12  12(b)(6) (#26).  The Ninth Circuit affirmed the district court's dismissal of Plaintiff's complaint.

13  *See Filion v. Litton Loan Servicing, LLP, et al.*, No. 10-15255, slip op. (9th Cir. May 20, 2010).

14      Subsequently, on May 3, 2010, Plaintiff filed this action in the Third Judicial District Court

15  for the State of Nevada, alleging again that defendants, including Litton and CMS, violated his

16  First Amendment rights.  On May 25, 2010, Litton removed the action to federal court based on

17  federal question jurisdiction (#1).  Thereafter, Litton filed the present Motion to Dismiss (#10)

18  arguing that the complaint is barred by the doctrine of res judicata.

19  **II.    Legal Standard**

20      In considering "a motion to dismiss, all well-pleaded allegations of material fact are taken

21  as true and construed in a light most favorable to the non-moving party."  *Wyler Summit P'ship v.*

22  *Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).  However, a court

23  does not necessarily assume the truth of legal conclusions merely because they are cast in the form

24  of factual allegations in a plaintiff's complaint.  *See Clegg v. Cult Awareness Network*, 18 F.3d

25  752, 754-55 (9th Cir. 1994).

26

2

1    There is a strong presumption against dismissing an action for failure to state a claim.  *See*

2  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted).  However, a

3  plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels,

4  conclusions, and a formulaic recitation of the elements of the cause of action.  *Bell Atlantic Corp.*

5  *v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  "Factual allegations must be enough to raise a right to

6  relief above the speculative level on the assumption that all the allegations in the complaint are true

7  (even if doubtful in fact)."  *Id.* (internal citations omitted).

8    Where, as here, a plaintiff appears pro se, the court has an obligation to construe the

9  plaintiff's complaint liberally.  *Bernhardt v. Los Angeles County*, 339 F.3d 290, 295 (9th Cir.

10  2003).

11  **III.    Discussion**

12    Defendants move this court to dismiss the complaint pursuant to Federal Rule of Civil

13  Procedure 12(b)(6), arguing that (1) the doctrine of res judicata bars Plaintiff's claims, and

14  (2) Plaintiff failed to plead sufficient facts to state a claim for relief.

15    **A.  Res Judicata**

16    Litton argues that the doctrine of res judicata bars Plaintiff's claims because the parties

17  have already adjudicated these claims in Plaintiff's previous suit.  (Mot. Dismiss (#10) 4:24-25.)

18  Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims

19  that were raised or could have been raised in the prior action.  *Owens v. Kaiser Foundation Health*

20  *Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citation omitted).  Res judicata applies when there is

21  (1) the same identity of claims, (2) a final judgement on the merits, and (3) the same parties or

22  privity between the parties.  *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322

23  F.3d 1064, 1077 (9th Cir. 2003).

24    The central criterion in determining whether there is an identity of claims between the

25  actions is whether the two suits arise out of the same transactional nucleus of facts.  *Frank v.*

26

3

1   *United Airlines*, 216 F.3d 845, 851 (9th Cir. 2000) (citation omitted).  In his initial complaint,

2   Plaintiff claimed that by assessing property taxes on a house occupied by a religious organization

3   and subsequently foreclosing on the property, Litton and CMS violated his First Amendment

4   rights.  In this action, Plaintiff also alleges that by foreclosing on his house, Litton and CMS

5   violated his First Amendment rights.  As such, the alleged violations of Plaintiff's rights in both

6   complaints arise out of Plaintiff's failure to pay the property taxes on his house and the subsequent

7   sale of the house at an auction.  Therefore, the court finds that there is an identity of claims and an

8   identity of parties between the two actions.

9        The court further finds that there was a final judgement on the merits in Plaintiff's first suit

10   because the court dismissed Plaintiff's first action.  *Filion v. Boi-Code Enforcement Los Angeles*

11   *County*, No. 08-0541-LRH-RAM, (D. Nev. July 21, 2009) (minute order (#26)).  Federal Rule of

12   Civil Procedure 41 provides that unless otherwise specified, "a dismissal . . . operates as an

13   adjudication upon the merits."  Fed. R. Civ. P. 41(b).  Thus, the dismissal of Plaintiff's prior action

14   was a final judgement on the merits.  Accordingly, the court will dismiss Plaintiff's claims against

15   Litton and CMS under the doctrine of res judicata.[2]

16       **B.  Failure to State a Claim**

17        Plaintiff alleges that QLS, as the loan servicing company that recorded the notice of

18   trustee's sale, violated his constitutional rights.  To state a claim for a deprivation of a

19   constitutional right, a plaintiff must plead facts establishing that (1) a deprivation resulted from a

20   government policy, and (2) the party who deprived plaintiff of his constitutional rights is a

21   governmental actor.  *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir.

22   1999).

23        In this case, the allegations in the complaint do not suggest that QLS is a government actor.

24

25       [2]Defendant QLS was not a party in Plaintiff's first suit.  QLS does not claim to be in privity with the

26   parties in the first lawsuit, nor is there any evidence suggesting that privity exists.  As such, the court finds that the doctrine of res judicata does not bar Plaintiff's claims against QLS.

1   Indeed, Plaintiff admits that QLS is a private company. (Compl. (#1) 1.) Therefore, the court

2   finds that Plaintiff fails to state a claim for deprivation of his constitutional rights because the

3   complaint lacks any allegations suggesting that QLS is a government actor. Accordingly, the court

4   will dismiss Plaintiff's claims against QLS.

5   **C. Sanctions and Attorneys' Fees**

6        Defendants ask the court to award attorneys' fees and costs against Plaintiff, pursuant to

7   Federal Rule of Civil Procedure 11, as a way to sanction Plaintiff and deter him from filing

8   frivolous lawsuits in the future. (Mot. Dismiss (#10) 7-8.) "Rule 11 requires the imposition of

9   sanctions when a motion is frivolous, legally unreasonable, or without factual foundation, or is

10  brought for an improper purpose." *Conn v. Borjorquez*, 967 F.2d 1418, 1420 (9th Cir. 1992)

11  (citation omitted). However, Rule 11 sanctions are an extraordinary remedy to be exercised with

12  extreme caution and warranted only in "rare and exceptional" cases. *Operating Eng'rs Pension*

13  *Trust v. A-C, Co*., 859 F.2d 1336, 1345 (9th Cir. 1988).

14       The court finds that imposing sanctions pursuant to Rule 11 is inappropriate in this case.

15  First, Defendants have not filed a separate motion with an affidavit outlining the reasoning for the

16  imposition of Rule 11 sanctions. Second, Plaintiff presented his case pro se, and as such, he is not

17  likely to know the requirements of Rule 11. Moreover, as it appears from the present action,

18  Plaintiff did not fully understand the reasoning behind the dismissal of his first suit. Accordingly,

19  the court will deny Defendants' request for Rule 11 sanctions.

20  \\\

21  \\\

22  \\\

23  \\\

24  \\\

25  \\\

26

1    IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (#10) in which

2  Quality Loan Service Corporation and Carrington Mortgage Services, LLC joined (##11, 21) is

3  GRANTED.  Defendants Litton Loan Servicing, LP; Quality Loan Service Corporation; and

4  Carrington Mortgage Services, LLC are DISMISSED as defendants.

5    IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgement accordingly.

6    IT IS SO ORDERED.

7    DATED this 23rd day of July, 2010.

8

9    _____

10   LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

6